Mack WINGO

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75-0225.

United States District Court, W. D. Virginia.

Oct. 21, 1976.

Larry G. Browning, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare establishing an onset date for plaintiff's receipt of "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue to be decided by this court is whether the Secretary's final decision is supported by "substantial evidence", and if it is, this court must affirm.

The plaintiff, Mack Wingo, initially made application for "black lung" benefits in February of 1970. He had ceased mining employment in January of 1970. Mr. Wingo was awarded "black lung" benefits by the Social Security Administration with payment of benefits to begin as of January of 1973. (TR 87). Normally, the benefit award would have been back dated to the time of original application. However, the Secretary ruled that since Mr. Wingo had not filed for state workmen's compensation benefits at the time of his "black lung" application, his "black lung" award could not be effected until such time as application for workmen's compensation had be-

come futile.[1] See 20 C.F.R. § 410.219(a). As Mr. Wingo's application for workmen's compensation benefits did not become futile until January of 1973 (three years after termination of coal mining employment), the Secretary withheld benefits until January of 1973.

■ The court must conclude that the Secretary's final decision is supported by "substantial evidence". Clearly, the Secretary's administrative regulation governing such situations, 20 C.F.R. § 410.219, was mandated by Congress. See 30 U.S.C. § 923(c). Thus, Mr. Wingo was not entitled to "black lung" benefits until he had filed for workmen's compensation or until such a claim had become futile. Mr. Wingo's testimony at the administrative hearing indicates that he had some notice of the requirements for entitlement. (TR 30 and 32). More importantly, Mr. Wingo received written notice of this specific defect in the denial of his initial claim dated May 17, 1972. (TR 85). Even if plaintiff had filed for workmen's compensation at the time of this written notice, the filing would have been considered timely—thus allowing a back dating of any subsequent "black lung" award to February of 1970. 20 C.F.R. § 410.219(d). While Mr. Wingo may have received bad advice from his union representative thus creating his misunderstanding of the applicable law, the Secretary's regulation requiring written notice to the claimant was fully met by the Social Security Administration. The court must conclude that Mr. Wingo had failed to meet all requisites for "black lung" entitlement until January of 1973.

The court notes plaintiff's contention that the West Virginia compensation law was so inadequate as to constitute something other than a "State workmen's compensation" provision as originally contemplated by Congress in the Act. However, the court is unaware of any Congressional

---

1. At the time of his "black lung" application, Mr. Wingo was a resident of West Virginia. The West Virginia Code provided that a workmen's compensation claim must be filed within three years from the time that the occupational disease was made known to the miner by a physician, or three years from the time that the miner should reasonably have known of the presence of the disease, or three years from the time of last dust exposure. W.Va.Code ch. 23, Art. 4, § 15, as amended.

intent to exclude limited compensation laws such as West Virginia's. Indeed, the court notes that the "Black Lung" Act was addressed to such workmen's compensation situations as previously prevailed in many coal mining states.

 In such a proceeding, this court is limited to a "substantial evidence" determination. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir., 1966). The court is constrained to conclude that the Secretary's final decision is supported by "substantial evidence" and must be affirmed.

The clerk is directed to send certified copies of this opinion and judgment to the counsel of record.